PRICE LAW GROUP, APC
G. Thomas Martin, III (SBN 218456)
15760 Ventura Blvd., Suite 1100
Encino, California 91436
Telephone: 818.907.2030
Facsimile: 818.205.3730
tom@plglawfirm.com

Attorney for Plaintiff
SYLVIA M. FIX

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA M. FIX,<br><br>    Plaintiff,<br><br>vs.<br><br>COAST MITIGATION & ASSOCIATES, INC., a corporation; and DOES 1 to 10, inclusive,<br><br>    Defendants. | Case No.: ED CV 13 - 00655 JGB (OPx)<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**<br><br>1. VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT [15 U.S.C. § 1692]<br>2. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227] |

**COMPLAINT FOR DAMAGES**

**INTRODUCTION**

1.  Sylvia M. Fix (Plaintiff) brings this action to secure redress from Coast Mitigation & Associates, Inc. (Defendant) for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (FDCPA) and the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA). The FDCPA prohibits false

or deceptive practices in connection with the collection of debts. The TCPA is a federal statute enacted in 1991 that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission (FCC).

## JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts and transactions alleged in this Complaint occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Sylvia M. Fix (Plaintiff) is an individual, residing in Fontana, San Bernardino County, California 92337. Plaintiff is a natural person obligated or allegedly obligated to pay any debt and is thus "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5. Coast Mitigation & Associates, Inc. (Defendant) is a corporation, registered under the laws of the State of California, with its principal place of business located at 1820 E. Garry Avenue, Suite 107, Santa Ana, California 92705. Defendant's California entity number is C3052180. Defendants registered agent for service of process is Luis Vasquez at 1820 E. Garry Avenue, Suite 107, Santa Ana, California 92705.

6. Defendant's principal purpose is the collection of debts and Defendant regularly collects or attempts to collect the debts owed or due or

asserted to be owed or due another. Defendant regularly uses the telephone and mail to engage in the business of collecting debt in several states including California. Thus, Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

7. The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues them by such fictitious names. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

## FACTUAL ALLEGATIONS

8. Within one year prior to the filing of this action, Defendant contacted Plaintiff in the attempted to collect a debt originally held by Wells Fargo (alleged debt).

9. The alleged debt is an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. Thus, the alleged debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

10. At all times relevant to this action, Defendant contacted Plaintiff for the purpose of collecting an alleged debt.

11. Upon information and belief, at all times relevant to this action, Defendant has owned, operated and/or controlled telephone numbers (949) 812-4680, (949) 812-4682, (949) 812-4683, (949) 812-4687, (949) 812-4697 and (949) 357-9503. Upon information and belief, at all times relevant to this action,

COMPLAINT FOR DAMAGES

Defendant called Plaintiff from, but not limited to, telephone number numbers (949) 812-4680, (949) 812-4682, (949) 812-4683, (949) 812-4687, (949) 812-4697 and (949) 357-9503 for the purpose of collecting the alleged debt.

12. Within one year prior to the filing of this action, Defendant repeatedly and continuously called Plaintiff at Plaintiff's telephone numbers (909) 357-9503, (949) 338-0947, and (951) 749-3193 from Defendant's telephone numbers (949) 812-4680, (949) 812-4682, (949) 812-4683, (949) 812-4687, (949) 812-4697 and (949) 357-9503 for the purpose of collecting the alleged debt.

13. Upon information and belief, within one year prior to the filing of this action, Defendant contacted Michelle Gomez at telephone number ending in 823-3361 for the purpose of collecting the alleged debt. During the abovementioned conversation, Defendant disclosed to Michelle Gomez the nature of the allege debt and the fact that Plaintiff owed the alleged debt. Upon information and belief, Defendant did not have permission to contact Michelle Gomez for the purpose of collecting the alleged debt. Upon information and belief, Michelle Gomez was not a co-signer of the alleged debt and was not otherwise personally liable for the alleged debt.

14. Upon information and belief, within one year prior to the filing of this action, Defendant contacted Michelle Gomez on multiple occasions for the purpose of collecting the alleged debt without obtaining permission to do so.

15. On or about November 11, 2012, Plaintiff filed Chapter 7 Bankruptcy number 6:12-bk-35066 in the United States Bankruptcy Court for the Central District of California.

16. Upon information and belief, the alleged debt was scheduled in Schedule F of Plaintiffs bankruptcy petition.

COMPLAINT FOR DAMAGES

17. At all times relevant to this action, Plaintiff was represented by an attorney in regards to the alleged debt.

18. Upon information and belief, Defendant had notice that Plaintiff filed the abovementioned bankruptcy.

19. Upon information and belief, Defendant had notice that Plaintiff was represented by an attorney in regards to the alleged debt.

20. Upon information and belief, Defendant contacted Plaintiff no less than five (5) times for the purpose of collecting the alleged debt when it knew Plaintiff was protected by the Automatic Stay of the abovementioned bankruptcy.

21. Upon information and belief, Defendant contacted Plaintiff no less than five (5) times for the purpose of collecting the alleged debt when it knew Plaintiff was represented by an attorney in regards to the alleged debt.

22. Upon information and belief, Defendant knew or had reason to know that Plaintiff's employer prohibited Plaintiff from receiving Defendant's calls at work. Upon information and belief, within the one year prior to the filing of this action, Defendant contacted Plaintiff at her place of employment, telephone number (951) 749-3193, for the purpose of collecting the alleged debt after Defendant knew or had reason to know that Plaintiff's employer prohibits Plaintiff from receiving such communications.

23. Upon information and belief, within the one year prior to the filing of this action, Defendant caused Plaintiff's telephone to ring or engaged Plaintiff in telephone conversations repeatedly or continuously with the intent to annoy, abuse or harass Plaintiff. Upon information and belief, within the one year prior to the filing of this action, Defendant regularly called Plaintiff no less than three (3) times a day for the purpose of collecting the alleged debt. Upon information

and belief, within the one year prior to the filing of this action, on multiple occasions, Defendant called Plaintiff once and immediately called Plaintiff again moments later.

24. Upon information and belief, within the one year prior to the filing of this action, Defendant called Plaintiff for the purpose of collecting the alleged debt without meaningfully disclosing its identity. Defendant called Plaintiff for the purpose of collecting the alleged debt without meaningfully disclosing its identity on, but not limited to the following dates and at the following times:

(a) On or about November 6, 2012 at approximately 10:27 a.m.

(b) On or about November 6, 2012 at approximately 10:28 a.m.

25. The natural consequences of Defendant's conduct as detailed above amounted to false, deceptive or misleading representations or means in connection with collecting the alleged debt.

26. The natural consequences of Defendant's conduct in attempting to collect a debt from Plaintiff when it knew Plaintiff was protected by the Automatic Stay of the abovementioned bankruptcy and in attempting to collect a debt it knew was included in a bankruptcy amounted to a false, deceptive or misleading representation of the character, amount or legal status of a debt.

27. Upon information and belief, within the one year prior to the filing of this action, Defendant contacted Plaintiff for the purpose of collecting the alleged debt and identified himself as "Oscar." Upon information and belief, "Oscar" threatened to take legal action against Plaintiff if Plaintiff did not pay the alleged debt. Upon information and belief, Defendant threatened to take legal action against Plaintiff when Defendant did not intend to take such action.

28. The natural consequences of Defendant's conduct as described above amounted to false representation or deceptive means to collect the alleged debt or obtain information about Plaintiff.

29. Upon information and belief, within one year prior to the filing of this action Defendant contacted Plaintiff for the purpose of collecting the alleged debt and Defendant failed to disclose to Plaintiff that Defendant was attempting to collect a debt and that any information obtained from Plaintiff would be used for that purpose.

30. The natural consequences of Defendant's conduct as described above amounts to unfair or unconscionable means to collect or attempt to collect an alleged debt.

31. The natural consequences of Defendant's conduct in attempting to collect a debt from Plaintiff while it knew Plaintiff was protected by the Automatic Stay of the abovementioned bankruptcy and in attempting to collect a debt it knew was included in a bankruptcy amounted to an attempt to collect any amount not authorized by the agreement creating the debt or permitted by law.

32. At all times relevant to this action, while conducting business in California, Defendant has been subject to, and required to abide by, the laws of the United States, which included the TCPA and its related regulations that are set forth at 47 C.F.R. § 64.1200 (TCPA Regulations), as well as the opinions, regulations and orders issued by the courts and the FCC implementing, interpreting and enforcing the TCPA and the TCPA regulations.

33. At all times relevant to this action, Defendant owned, operated and or controlled an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) that originated, routed and/or terminated telecommunications.

COMPLAINT FOR DAMAGES

34. Upon information and belief, within one year prior to the filing of this action, Defendant called Plaintiff at Plaintiff's cellular telephone number (949) 338-0947 multiple times using an artificial prerecorded voice or using equipment which has the capacity to store or produce telephone numbers to be called, using random or sequential number generator and to dial such numbers, also known as an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1)(A) and (B).

35. Upon information and belief, Defendant never received Plaintiff's consent to call Plaintiff on her cellular telephone number (949) 338-0947 using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1).

36. Upon information and belief, Defendant did not have an emergency purpose, as defined by 47 U.S.C. § 227 (b)(1)(A), for contacting Plaintiff at her cellular telephone number (949) 338-0947 using an artificial prerecorded voice or an automatic telephone dialing system.

37. Upon information and belief, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone number (949) 338-0947 using an artificial prerecorded voice or an automatic telephone dialing system in violation of the TCPA.

## FIRST CAUSE OF ACTION

**(Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692)**

38. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

39. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated 15 U.S.C. §1692b(2) by communicating with any person other than the consumer and stating that such consumer owes any debt; and

(b) Defendant violated 15 U.S.C. §1692b(3) by communicating with any person other than the consumer more than once unless requested to do so by such person; and

(c) Defendant violated 15 U.S.C. §1692c(a)(2) by communicating with a consumer in connection with the collection of any debt when the debt collector knows the consumer is represented by an attorney with respect to such debt; and

(d) Defendant violated 15 U.S.C. §1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

(e) Defendant violated 15 U.S.C. §1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly; and

(f) Defendant violated 15 U.S.C. §1692d(6) by placing telephone calls without meaningful disclosure of the caller's identity; and

(g) Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

(h) Defendant violated 15 U.S.C. §1692e(2) by making a false representation of the character, amount or legal status of any debt; and

(i) Defendant violated 15 U.S.C. §1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken; and

(j)     Defendant violated 15 U.S.C. §1692e(10) by using false representation or deceptive means to collect a debt or obtain information about a consumer; and

(k)     Defendant violated 15 U.S.C. §1692e(11) by failing to disclose in the initial written communication with the consumer and, in addition, in the initial communication is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose; and

(l)     Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means in connection with the collection of an alleged debt; and

(m)    Defendant violated 15 U.S.C. §1692f(1) by attempting to collect any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

40.    Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

41.    As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

## SECOND CAUSE OF ACTION

**(Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227)**

42.    Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

43.    On multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person

within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

44.  On multiple occasions, Defendant knowing and/or willfully violated the TCPA.

45.  As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

46.  Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a)  Declaratory judgment that Defendant violated the FDCPA and the TCPA pursuant to 28 U.S.C. §§ 2201 and 2202; and

(b)  An injunction prohibiting Defendant from contacting Plaintiff on her cellular phone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A); and

(c)  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and 47 U.S.C. § 227(b)(3)(B); and

(d) As a result of Defendant's violation of the FDCPA, Plaintiff is entitled to and requests statutory damages pursuant to 15 U.S.C. § 1692k(a)(2); and

(e) As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B); and

(f) As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and

(g) Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

(h) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

(i) For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action

Dated: April 8, 2013

RESPECTFULLY SUBMITTED,
PRICE LAW GROUP, APC

By: _____

G. Thomas Martin, III
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Jesus Bernal and the assigned discovery Magistrate Judge is Oswald Parada.

The case number on all documents filed with the Court should read as follows:

**EDCV13- 655 JGB (OPx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[X] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| SYLVIA M. FIX, <br><br> *Plaintiff* <br><br> v. <br><br> COAST MITIGATION & ASSOCIATES, INC., a corporation; and DOES 1 to 10, inclusive, <br><br> *Defendant* | ) <br> ) <br> ) <br> ) Civil Action No. <br> ) <br> ) ED CV 13 - 00655 <br> ) <br> ) JGB |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*    COAST MITIGATION & ASSOCIATES, INC.
1820 E. Garry Avenue, Suite 107
Santa Ana, California 92705

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
    G. Thomas Martin, III, Esq. (SBN 218456)
    PRICE LAW GROUP, APC
    15760 Ventura Blvd., Suite 1100
    Encino, CA 91436
    T: (818) 907-2030; F: (866) 397-2030
    tom@plglawfirm.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

TERRY NAFISI
CLERK OF COURT

Date: APR 10 2013

*Signature of Clerk or Deputy Clerk*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| SYLVIA M. FIX, | COAST MITIGATION & ASSOCIATES, INC., a corporation; and DOES 1 to 10, inclusive, |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| G. Thomas Martin, III (SBN 218456) <br> PRICE LAW GROUP, APC <br> 15760 Ventura Blvd., Suite 1100, Encino, CA 91436 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☒ **MONEY DEMANDED IN COMPLAINT:** $ according to proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. 1681 et seq. Violations of the Fair Credit Report Act

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| | ☐ 190 Other Contract | | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | | | | | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | IMMIGRATION | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | | | | |
| | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- Alien Detainee | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | |

ED CV 13 - 00655 JGB (OPx)

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2

APR 10 2013

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date 4/08/2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |